UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-3922-MJ-MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MANUEL CARLOS HERNANDEZ,

    Defendant.
_____/

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on November 4, 2020, a hearing was held to determine whether defendant **MANUEL CARLOS HERNANDEZ** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **MANUEL CARLOS HERNANDEZ** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by criminal complaint in the Southern District of Florida, with money laundering and aiding and abetting money laundering in violation of Title 18 United States Code, Section 1956(a)(3)(B) and 2, conspiracy to launder money in violation of Title 18 United States Code, Section 1956(h) and conspiracy to distribute and to possess with intent to distribute cocaine in violation of Title 21 United States

Code, Section 846. Therefore, the defendant is charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings. Title 18, United States Code, Section 3142(e)(3)(a).

2. The weight of the evidence against the defendant is substantial. The government has proffered that the defendant laundered $200,000 for a confidential source ("CS"). The defendant and the CS agreed that the defendant would launder an additional $324,000, which ultimately did not take place. The defendant invested $99,000 with the CS with the understanding that the CS would use that money to purchase four kilograms of cocaine and provide profits to the defendant. The defendant also arranged for police to escort a load of cocaine for the CS.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on February 13, 1997 in Livingston, New Jersey. The defendant has frequent foreign travel and access to a private jet. The defendant has significant funds, access to eight bank accounts and multiple assets including real estate and extravagant cars worth in excess of $200,000. The defendant faces a term of imprisonment of 12 to 15 years if convicted of the instant offense.

4. Based on the defendant's substantial sentence if convicted, the defendant's extensive foreign travel, the defendant's significant assets and access to funds and the defendant's propensity to bribe law enforcement officers to assist him in illegal endeavors, the undersigned believes that the defendant would not appear if released on

bond. The Court specifically finds by a preponderance of the evidence that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. Based upon the above findings of fact the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **4th** day of November, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE